PRICE, Judge.
These cases, consolidated for trial, were brought by plaintiffs seeking to establish and enforce the provisions of LSA-R.S. 9 :- 4801 et seq, which statutes accord certain rights and privileges in favor of laborers and materialmen who perform work or furnish material for the construction, repair or improvement of immovable property. The trial court sustained an exception of no cause of action in each case and plaintiffs appeal. We reverse the judgments and remand the cases to the district court for trial on the merits.
The suits arose out of an alleged unrecorded agreement for property repairs entered into between Bernice Jackson Evans and W. H. Valentine, contractor, pursuant to which plaintiffs delivered building materials to Valentine for use in making improvements on defendant’s property. Plaintiffs, Louzan Lumber Company and Express Ready-Mix, filed lien affidavits stating claims against the three record owners of the property, Bernice Jackson Evans, Barbara Elaine Evans and Ralph Aaron Evans. The original petitions also alleged the three defendants were indebted to plaintiffs for the specified amounts of their claims.
Thereafter, plaintiffs dismissed their suits against the two minor owners but reserved their rights against Bernice Jackson Evans, who is the record owner of a one-half undivided interest and the usufruct of the remaining one-half interest in the property in question.
Plaintiffs allege error in the trial court’s interpretation of the term “the owner,” as used in Louisiana Revised Statutes 9:4801 et seq., to mean that either a single owner of an entire interest or all co-owners of a property must consent to a construction con *259 tract affecting the property in order to subject the property to liens under these sections.
Louisiana Civil Code Article 14, though not defining “the owner” with particularity, provides the following general guideline:
“The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.”
In Glassell, Taylor & Robinson v. John W. Harris Associates, 209 La. 957, 26 So.2d 1 (1946), the Louisiana Supreme Court found that the intention of the lawmakers in adopting this legislation [R.S. 9:4801 et seq.] was not only to protect owners when they comply with the provisions of the act with respect to recordation of a written contract and bond, but also to protect those who furnish the services, labor or material for the construction when the owner fails to comply with the mandates of the law for his own protection. See also 53 Am.Jur.2d Mechanics Liens, Sec. 6, p. 522, 57 C.J.S. Mechanics’ Liens § 3, p. 496.
The policy motivating this legislation is discussed in a recent law review comment:
“ * * * this statutory privilege . . . indicates a special public policy in favor of those persons involved in construction works. This policy encourages the erection of buildings, . . . Contractors, laborers, and materialmen who are given a security for the payment of their claims are more willing to render their services.” [44 Tulane Law Review, p. 327]
In consideration of these purposes, this court cannot uphold the trial court’s interpretation of the term “the owner”. The consequence of such interpretation would be to allow the owner of a partial interest in property to escape any liability under this section where the co-owner failed to join in a construction contract while holding a sole owner fully liable. We recognize that much property is held in some form of co-ownership and that the effect of such interpretation would seriously restrict the scope of the protection afforded laborers and ma-terialmen by the statute, thereby defeating the essential purpose of the legislation in which the term is found.
With regard to the interpretation of statutes the Louisiana Supreme Court recently stated in Tennessee Gas Transmission Company v. Violet Trapping Company, 248 La. 49, 176 So.2d 425 at 443 (1965):
“The safest rule of interpretation is to look to the nature and object of the particular powers, duties and rights with all the lights and aid of contemporaneous history, and to give to the words such operation and force consistent with their legitimate purposes as may fairly secure and attain the ends proposed.” (Cited cases omitted)
We conclude that suppliers of material can assert the personal right of action established by LSA-R.S. 9:4801 et seq. against the owner of an undivided interest in property who has contracted for improvements to the property and can assert the lien and privilege established by the statute against the owner’s undivided interest in the property.
The judgments rendered below are reversed and the cases remanded for further proceedings consistent with the views herein expressed. Cost of this appeal is assessed against appellee. Assessment of all other costs shall be determined after trial of the merits.